## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRE NATIONAL DE LA RECHERCHE <br> SCIENTIFIQUE <br> 3, rue Michel Ange <br> F-75794 Paris Cedex 16, France <br><br> Plaintiff, <br><br> v. <br><br> HON. DAVID J. KAPPOS <br> Under Secretary of Commerce for Intellectual <br> Property and Director of the United States <br> Patent and Trademark Office <br> Madison Building <br> 600 Dulany Street <br> Alexandria, VA 22314 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Centre national de la recherche scientifique, for its Complaint against Defendant, the Honorable David J. Kappos, states as follows:

1.  This is an action by the owner of United States Patent No. 7,521,212 ("the '212 patent") seeking review of erroneous patent term adjustment calculations made by the United States Patent & Trademark Office ("PTO"). Specifically, this is an action by Plaintiff under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 264 days calculated by the PTO for the '212 patent should be corrected to reflect no less than 839 days of patent term adjustment for the '212 patent.

2.  This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

WASH_6436749.1

## I.   THE PARTIES

3. Plaintiff Centre national de la recherche scientifique ("CNRS") is a company operating under the laws of France. CNRS is located at 3, rue Michel Ange, F-75794 Paris Cedex 16, France.

4. Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. Defendant is sued in his official capacity.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A); and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7. This original Complaint was timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## III.   BACKGROUND

8. The '212 patent issued to Eric Samain and Bernard Priem on April 21, 2009, based on patent application number 10/019,954, which entered the national stage under 35 U.S.C. § 371(c) on May 24, 2002. The '212 patent is attached hereto as Exhibit A.

9. Plaintiff CNRS is the assignee of the '212 patent, as evidenced by records recorded in the PTO, and is the real party in interest in this case.

10. When the PTO issued the '212 patent on April 21, 2009, it erroneously calculated the patent term adjustment for the '212 patent as 264 days. Had the PTO calculated the

patent term adjustment properly, the '212 patent would be entitled to no less than 839 days of patent term adjustment.

11. At least some of the errors in the PTO's patent term adjustment calculation methodology are detailed in a recent order from the U.S. District Court for the District of Columbia in an action titled *Wyeth v. Dudas*, Civil Action No. 07-1492 (D.D.C. Sept. 30, 2008), where the Court granted summary judgment against the PTO, holding that the PTO's patent term adjustment calculation methodology was erroneous as a matter of law and inconsistent with the plain text of the Patent Statute. The *Wyeth* opinion is attached as Exhibit B.

12. The corrected patent term adjustment methodology identified in the *Wyeth* opinion is believed to govern the PTO's calculation of patent term adjustment for Plaintiff's '212 patent (the *Wyeth* opinion is currently being appealed by the PTO to the U.S. Court of Appeals for the Federal Circuit).

### IV.   COUNT: U.S. PATENT NO. 7,521,212

13. Plaintiff incorporates by reference the allegations in paragraphs 1-12 above, as if fully set forth herein.

14. During prosecution of the '212 patent, the patent owner accrued at least 435 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(A), and accrued at least 782 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(B).

15. Under the PTO's interpretation of 35 U.S.C. § 154, all patent term adjustment ("PTA") accrued under 35 U.S.C. § 154(b)(1)(A) and all PTA accrued under 35 U.S.C. § 154(b)(1)(B) inherently overlaps and, thus, it has been the PTO's position that a patent holder is only eligible for the larger of these two amounts of PTA. For the '212 patent, the PTO erroneously limited the patent term adjustment for the '212 patent to 264 days (*see* calculation in paragraph 22, below), as shown on the face of the '212 patent.

16. In view of a recent decision from the this Court (*Wyeth v. Dudas*, Civil Action No. 07-1492 (JR)), all non-overlapping days on which 35 U.S.C. § 154(b)(1)(A) or 35 U.S.C. § 154(b)(1)(B) apply should accrue patent term adjustment for the '212 patent. As set forth in *Wyeth*, the only way that periods of time can overlap is if they occur on the same day.

17. Calculation under 35 U.S.C. § 154(b)(1)(A): Each day from the day after at least July 24, 2003 (14 months from the National Stage entry (all 371(c) requirements met)) through to the issuance of a Restriction Requirement on October 1, 2004, qualify for patent term adjustment under 35 U.S.C. § 154(b)(1)(A), a total of at least 435 days.

18. Calculation under 35 U.S.C. § 154(b)(1)(B): Each day from the day after at least January 7, 2005 (3 years after the National Stage commencement) through to the filing date of a Request for Continued Examination of February 28, 2007, qualify for patent term adjustment under 35 U.S.C. § 154(b)(1)(B), a total of at least 782 non-overlapping days.

19. Under the interpretation of this Court (*Wyeth v. Dudas*, Civil Action No. 07-1492 (JR)), the non-overlapping days and the total PTO prosecution delay total at least 1,217 days, as shown in the chart attached as Exhibit C.

20. The PTO found a total applicant prosecution delay of 378 days under 35 U.S.C. § 154(b)(2)(B) or (C).

21. It is accordingly believed that the overall PTA accrued by the patent holder is no less than 1,217-378 = 839 days.

22. Under the PTO's interpretation, the PTO calculated an erroneous patent term adjustment of 645-378 = 264 days for the '212 patent. Apart from the errors made by the PTO under the *Wyeth* opinion, the PTO also erroneously calculated the 35 U.S.C. § 154(b)(1)(B) term three years from the National Stage 371(c) *completion* date as opposed to the National Stage 371(c) *commencement* date, which accounts for an additional 137 days of patent adjustment term that should have been awarded to the Plaintiff, as set forth in 1347 *Official Gazette* 49 (Oct. 6, 2009), entitled "Notice Concerning Calculation of the Patent Term Adjustment under 35 U.S.C. § 154(b)(1)(B) involving International Applications Entering the National Stage Pursuant to 37 U.S.C. § 371".

23. The patent holder accordingly requests no less than 839-264 = **575 ADDITIONAL days** of Patent Term Adjustment.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '212 patent term from 264 days to no less than 839 days and requiring Defendant to alter the terms of the '212 patent to reflect the at least 839 days of actual patent term adjustment due the '212 patent.

B. Grant such other and further relief as the nature of the case may admit or require, including additional patent term for the '212 patent if further errors are identified and found in the PTO's patent term adjustment calculation methodology, and any such other and further relief as may be deemed just and equitable by this Court.

Dated: October 19, 2009

Respectfully submitted,

_____
C. Edward Polk, Jr. (DC Bar No. 472453)
FOLEY & LARDNER LLP
3000 K Street, N.W., Sixth Floor
Washington, DC 20007
(202) 672-5300

Attorneys for Plaintiff, Centre national de la recherche scientifique,

Address for mail:
FOLEY & LARDNER LLP
3000 K Street, N.W., Sixth Floor
Washington, DC 20007
(202) 672-5300